■ Elvetta Fulton, Respondent, v Allstate Insurance Company et al., Appellants. [788 NYS2d 349]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered October 27, 2003, which, insofar as appealed from, denied without prejudice defendants' motion for summary judgment dismissing the causes of action for punitive damages and attorneys' fees, granted plaintiff's cross motion to amend the complaint, and implicitly granted the cross motion to compel discovery, unanimously reversed, on the law, without costs, defendants' motion for summary judgment granted to the extent of dismissing the second, fourth and fifth causes of action, the cross motion to amend the complaint denied, and the cross motion to compel discovery denied without prejudice to review of outstanding discovery demands at a further conference before the IAS court.

No issues of fact preclude summary judgment as to the second and fourth causes of action for punitive damages. "Punitive damages are not recoverable for an ordinary breach of contract as their purpose is not to remedy private wrongs but to vindicate public rights" (*Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 613 [1994]). "Thus, a private party seeking to recover punitive damages must not only demonstrate egregious tortious conduct by which he or she was aggrieved, but also that such conduct was part of a pattern of similar conduct directed at the public generally" (*id.*).

Although a motion for summary judgment may be denied if the facts essential to establish opposition "may exist but cannot then be stated" (CPLR 3212 [f]), " '[m]ere hope that somehow the plaintiffs will uncover evidence that will prove their case, provides no basis . . . for postponing a decision on a summary judgment motion' " (*Jones v Surrey Coop. Apts., Inc.*, 263 AD2d 33, 38 [1999], quoting *Kennerly v Campbell Chain Co.*, 133 AD2d 669, 670 [1987]).

Defendant insurer offered a good faith basis for its conclusion that Fulton's insurance claim may have been fraudulent; in opposition, Fulton merely contended that "these practices affect a class of consumers particularly in the Bronx," and sought discovery. Plaintiff's entirely unsupported assertion falls far short of the showing needed to withstand a motion for summary judgment on the ground of a need for discovery. Moreover, plaintiff offered nothing to refute the insurer's assertion that she had failed to disclose having previously filed two automobile theft claims.

Similarly, plaintiff's fifth cause of action, seeking attorneys'

fees based upon alleged violations of General Business Law § 349, should also have been dismissed. A claim under the statute applies to fraudulent consumer-oriented practices directed at the public at large. The insurer's alleged conduct is certainly not the materially deceptive or misleading conduct required to permit the General Business Law claim (*see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25 [1995]).

As to the cross motion seeking leave to amend the complaint, plaintiff has not offered any evidentiary proof that the denial of the claim by Allstate was part of a pattern in which it has consistently refused to pay claims made by residents of the Bronx, or that it has failed to conduct appropriate investigations. Her wholly conclusory assertion does not meet the minimum standards required for permitting an amendment, particularly because, regardless of whether Allstate properly denied the claim, it provided sufficient rationale to demonstrate that its denial of the claim was not in bad faith. The cross motion should therefore have been denied.

The viable causes of action remaining to be litigated are the claims for breach of contract based upon the denial of plaintiff's insurance claim. In view of the substantially more limited nature of the relevant issues, the question of which discovery demands remain to be answered must be reconsidered by the IAS court. However, we note that the unequivocal grant of the cross motion to compel responses by defendants to further discovery demands was improper, since at a minimum, plaintiff should have been required to submit the requisite good faith affirmation pursuant to 22 NYCRR 202.7, acknowledging that counsel had conferred with his or her adversary in good faith to resolve the issues. No such affirmation was submitted, nor is there any other indication that there were any such discussions between counsel at all. Accordingly, the cross motion to compel discovery is denied and the question of what discovery, if any, remains to be exchanged is remanded to the IAS court to be addressed at a further conference. Concur—Buckley, P.J., Tom, Andrias, Saxe and Marlow, JJ.