◼ SMARTIX INTERNATIONAL CORPORATION, Appellant-Respondent, v MASTERCARD INTERNATIONAL LLC et al., Respondents-Appellants, et al., Defendants. [934 NYS2d 382]—

This action for misappropriation of trade secrets and confidential information, fraud, conversion, breach of contract and breach of fiduciary duty arises from a contract between plaintiff

and defendant MasterCard International, Inc. pursuant to which plaintiff agreed to develop and deliver "SmartFan," a software program that allows season-ticket holders for sporting events to manage, trade, or re-sell unused tickets to subscribers who participate in a program implemented through a team-affiliated credit card, and license it for MasterCard's exclusive use. Plaintiff alleges that after the termination of the contract, MasterCard improperly used SmartFan's technology to create the Extra Points Affinity Cards (Extra Points) program, a rewards program conceived and developed by defendant MBNA America Bank, N.A., in order to promote NFL team branded payment cards.

MasterCard made a prima facie showing of entitlement to judgment as a matter of law by establishing that the Extra Points program was not based on SmartFan. Plaintiff's assertion that Extra Points is an improper continuation of SmartFan, based on speculation and hearsay, is insufficient to raise a triable issue of fact. Plaintiff's mere hope that discovery will uncover evidence needed to defeat summary judgment is insufficient to deny the motion (*Fulton v Allstate Ins. Co.*, 14 AD3d 380, 381 [2005]).

Denial of sanctions was not improper since plaintiff's position was not so egregious as to constitute frivolous conduct within the meaning of 22 NYCRR 130-1.1 (*Parametric Capital Mgt., LLC v Lacher*, 26 AD3d 175 [2006]).

We have considered the remaining arguments and find them unavailing. Concur—Andrias, J.P., Saxe, Sweeny, Acosta and Manzanet-Daniels, JJ.