Order, Surrogate’s Court, New York County (Nora S. Anderson, S.), entered December 20, 2012, which denied defendant’s motion for summary judgment dismissing the complaint alleging undue influence in the creation and execution of certain estate planning documents, unanimously affirmed, without costs.
Surrogate’s Court properly denied summary judgment after concluding that there are issues of fact regarding whether defendant, the decedent’s wife, coerced the decedent into executing certain estate planning documents that transferred real and personal property to defendant, to the alleged detriment of his daughter from a prior marriage, Lisa Bishop, among others.
While defendant correctly asserts that plaintiffs submitted certain hearsay evidence in opposition to the summary judgment motion, including certain physician and attorney notes, such hearsay evidence may be considered when submitted in opposition to a summary judgment motion, so long as it is not the only proof submitted (see e.g. Sumitomo Mitsui Banking Corp. v Credit Suisse, 89 AD3d 561, 564 [1st Dept 2011]). Here, nonhearsay evidence, including affidavits from the decedent’s friends as well as the decedent’s first daughter, described the contentious nature of the marriage and the decedent’s declining mental health. Moreover, the decedent, who was 83 years old and undisputedly suffered from some degree of cognitive impairment when he signed the documents, initiated this lawsuit during his lifetime and attested, by his verified complaint, to his declining health and defendant’s abusive and coercive conduct.
Elaintiffs further rely on a nonhearsay affidavit from a forensic document examiner that concluded that the decedent’s signature was forged on the retainer letter, possibly by defendant, as additional evidence that defendant coerced the decedent into retaining counsel to execute these documents and did not want the decedent to have separate counsel in the event of any
*623 conflict. All of this raises triable issues of fact whether defendant wielded sufficient influence over the decedent to overcome his free will (Matter of Walther, 6 NY2d 49, 53-54 [1959]; Matter of Ryan, 34 AD3d 212, 213-214 [1st Dept 2006], lv denied 8 NY3d 804 [2007]).
Defendant argues that plaintiffs’ claim that the decedent would not have signed the documents in question had he known that they transferred property outright to defendant shows that he had such free will. However, plaintiffs do not claim that the decedent was incompetent; the allegations are that the decedent suffered a “cognitive impairment,” that defendant committed forgery, and deceived or abused and importuned the decedent, wearing him down to the point that he signed without reading the documents. Thus, viewed in the light most favorable to plaintiffs (see e.g. Martin v Briggs, 235 AD2d 192, 196 [1st Dept 1997]), that the decedent, after the fact, asserted that he would not have signed the documents had he known what was in them does not defeat the claim of undue influence.
In light of our conclusion, we need not reach the issue of whether summary judgment should have been granted on defendant’s counterclaims for breach of contract, specific performance, and sanctions. Concur—Mazzarelli, J.E, Andrias, DeGrasse, Freedman and Manzanet-Daniels, JJ.