Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered March 26, 2013, which granted the motion of defendants, Splash (New York), Inc., Splash (Northwest) Inc., and Domenick Propati (collectively, Splash defendants), for summary judgment dismissing the causes of action alleging trespass, tortious interference with contract, interference with prospective advantage, and seeking injunctive relief, and denied plaintiffs’ cross motion to strike the Splash defendants’ answer as moot, unanimously affirmed, without costs.
The court properly dismissed the tortious interference with contract claim because the evidence plainly shows no contracts exist between plaintiffs (Merisel) and the clients whom plaintiffs claim the Splash defendants improperly solicited and persuaded to shift their business away from plaintiffs to Splash (Lama Holding Co. v Smith Barney, 88 NY2d 413, 424 [1996]; Design Strategy Corp. v Citibank, 252 AD2d 366, 366 [1st Dept 1998]). Merisel acknowledged through its chief executive officer (CEO) that it has no such contracts with its clients.
Contrary to Merisel’s claims, the asset purchase agreement, Weinstock’s and Propati’s employment contracts, and “at-will agreements” of nine “poached” employees, who left Merisel to work for Splash, cannot serve as the underlying contracts. The asset purchase agreement contains no period of time for which those clients agreed to work with Merisel. To the extent that Merisel claims the Splash defendants’ conduct violated defendant Weinstock’s non-solicitation provision, the contract at issue must be with a third party, not with a defendant (Lama Holding Co., 88 NY2d at 424). Defendant Propati’s contract had long expired. Merisel cites no provision violated in the at-will employees’ contracts.
The court also properly dismissed the cause of action for interference with prospective economic advantage because Merisel failed to demonstrate that the Splash defendants’ conduct rose to the level of “wrongful means” required to sustain such a claim (Snyder v Sony Music Entertainment, 252 AD2d 294, 299-300 [1st Dept 1999]). Moreover, Merisel failed to *460 demonstrate that those lost clients would have entered into an economic relationship with plaintiffs but for the Splash defendants’ wrongful conduct (Vigoda v DCA Prods. Plus, 293 AD2d 265, 266-267 [1st Dept 2002]).
Merisel’s CEO acknowledged that the clients at issue did not work exclusively with Merisel, and that he did not know of any prospective agreements with which the Splash defendants had interfered. At a minimum, Lane Bryant’s witness made clear that it shifted its business to Splash largely for business reasons, better quality and prices. Thus, Merisel failed to demonstrate how such clients would have remained with Merisel, rather than moving to Splash, hut for the Splash defendants’ conduct (see Slatkin v Lancer Litho Packaging Corp., 33 AD3d 421, 421 [1st Dept 2006]).
The court properly dismissed the trespass claim in light of unrefuted testimony that the alleged “proprietary information” at issue, Lane Bryant’s images, was not Merisel’s but Lane Bryant’s property.
The court also properly dismissed the claim seeking injunctive relief, as Merisel alleges monetary damages resulting from the lost business of the four transferred client accounts.
Finally, the court also properly declined to deny summary judgment pursuant to CPLR 3212 (f) since Merisel failed to identify facts essential to justify opposition to the motion which are exclusively within the Splash defendants’ knowledge and control (Global Mins. & Metals Corp. v Holme, 35 AD3d 93, 102-103 [1st Dept 2006], lv denied 8 NY3d 804 [2007]). Merisel failed to come forward with more than a “mere hope” that they will uncover evidence that will prove their case (Fulton v Allstate Ins. Co., 14 AD3d 380, 381 [1st Dept 2005]). In particular, Merisel argues that the Splash defendants relied heavily on affidavits of the nine “poached” Merisel employees who were not produced for deposition. Merisel does not specify what additional information those employees may have, nor do they raise any issues with regard to the veracity of the affidavits, including whether Merisel imposed the pay cuts those former employees cite as the primary reason for their departure.
The court properly dismissed Merisel’s cross motion to strike the Splash defendants’ answer as moot in light of the above. Further, Merisel failed to explain how the Splash defendants’ responses to the court’s discovery order prejudiced them or otherwise frustrated the purpose of that order. While Merisel notes that documents were provided only shortly after defendant Propati’s deposition, they do not specify what additional questions they would have asked had they received the docu *461 ments sooner. They questioned Propati over two days and did not raise any complaints about the production until months later, when they filed their cross motion to strike in response to the Splash defendants’ summary judgment motion.
Concur— Mazzarelli, J.E, Andrias, DeGrasse, Feinman and Kapnick, JJ.