■ JENICE McGINLEY et al., Respondents, v MYSTIC WEST REALTY CORP., Doing Business as ROSIE O'GRADY'S, et al., Appellants, and THE CHURCH OF ST. MARY THE VIRGIN ESPISCOPAL CHURCH et al., Respondents, et al., Defendant. [985 NYS2d 528]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered January 15, 2013, which, to the extent appealed from as limited by the briefs, denied the motion of defendants-appellants Mystic West Realty Corp., doing business as Rosie O'Grady's, and Trel Restaurant Inc., doing business as Rosie O'Grady's, for summary judgment dismissing the complaint and cross claims as against them, reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint and cross claims as against those defendants.

Plaintiff Jenice McGinley alleges that she slipped and fell on a substance allegedly leaking from a garbage bag in front of defendant church. Defendants-appellants made a prima facie showing of their entitlement to judgment as a matter of law by

submitting an affidavit from Mystic's general manager stating that neither entity was the owner of the abutting property and thus did not incur a statutory duty to maintain the sidewalk in reasonably safe condition pursuant to Administrative Code of City of NY § 7-210, and that neither entity ever placed garbage bags in front of the church's premises (*see Leary v Dallas BBQ*, 91 AD3d 519 [1st Dept 2012]).

The affidavits the church submitted in opposition to the motion were insufficient to raise an issue of fact. The affidavit of the church's rector was essentially hearsay, as it reported what he had learned from the church's porters concerning disposal of garbage by defendants-appellants, the Times Square defendants, and residents across the street. Further, the rector did not know if what he had learned concerned the day of plaintiff's accident. The affidavit from the church's porter, while acceptable in form (*see* CPLR 2101 [b]), did not supply nonhearsay evidence sufficient to raise an issue of fact (*see Rivera v GT Acquisition 1 Corp.*, 72 AD3d 525, 526 [1st Dept 2010]). Indeed, it does not assert that defendants-appellants left garbage outside the church on or about the date of the accident. Rather, it states that the porter never saw garbage leaking from any garbage bag in front of the church, whether placed by the church, by defendants-appellants' employees or by anyone else.

In a reply affidavit, Mystic's general manager stated that, for the last 15 years, nightly trash pick up has been provided to the restaurant by a commercial garbage removal service between the hours of midnight and 1:00 a.m. With respect to photographs provided by plaintiffs depicting a public trash receptacle surrounded by trash bags, some bearing the logo "Times Square Alliance," he stated that the restaurant has never used trash bags of that type and never uses the public receptacle to dispose of its garbage.

Plaintiffs' assertions that workers from Mystic or Times Square Alliance or unidentified residents across the street may have deposited the leaking trash bag on church property are "mere conclusions, expressions of hope or unsubstantiated allegations" that fail to comport with the requirement to tender proof in admissible form to defeat a summary judgment motion (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Nor have plaintiffs and the other opposing parties shown that discovery is necessary to oppose the motion (*see* CPLR 3212 [f]). Indeed, they have expressed no more than "[m]ere hope that somehow the plaintiffs will uncover evidence that will prove their case," which is insufficient to preclude the grant of summary judgment (*Fulton v Allstate Ins. Co.*, 14 AD3d 380, 381

[1st Dept 2005] [internal quotation marks omitted]). Concur—Tom, J.P., DeGrasse and Freedman, JJ.

Acosta and Saxe, JJ. dissent in part in a memorandum by Saxe, J. as follows: Plaintiff Jenice McGinley slipped and fell on the sidewalk in front of the Church of St. Mary the Virgin Episcopal Church, located at 145 West 46th Street in Manhattan. She identified the dangerous condition as "an accumulation of leaking trash bags." In addition to suing the church, she sued Mystic West Realty, the owner of the Rosie O'Grady's restaurant located on the west side of the church's property, along with Trel Restaurant Inc., the owner of another Rosie O'Grady's restaurant at a separate location, and Apple Core Hotels, Inc. doing business as Comfort Inn, the owner of the property to the east of the church.

The hotel successfully moved for summary judgment, based on the affidavit of its director of operations, who set forth the hotel's routine practices and asserted that the hotel's garbage bags were not placed down the block in front of the church.

Mystic and Trel thereafter made the underlying motion for summary judgment dismissing the complaint and cross claims as against them. They argued that they owed no duty to plaintiff, since they had no interest in the property owned by the Church, and, further they did not cause or create the leaking garbage condition that was alleged to have caused plaintiff's fall. They relied on the order granting the hotel's motion, as well as photographs of the accident location, and the affidavit of Mystic's general manager stating that Mystic had no garbage removal duties at the church or on its sidewalk, performed no work in the area of the accident, and had never piled, stored, or otherwise disposed of its own garbage or garbage bags in the accident location. They contended that plaintiffs could not prove that they had notice, either actual or constructive, of any dangerous condition, or that they created such a condition.

Plaintiffs and the church opposed the motion, arguing that there are triable issues of fact as to defendants' role in the placement of garbage in front of the church's premises. The church submitted the affidavits of its rector, Reverend Stephen Gerth, and porter, Mario Martinez, who were both employed by the church before the accident.

The church porter, Mario Martinez, stated that he puts out the church's garbage bags at 2:00 p.m. on Tuesdays and Thursdays, since the Sanitation Department picks up garbage on Mondays, Wednesdays and Fridays between 7:00 and 8:00 a.m. After the garbage pickup, the sidewalk is swept clean and kept clear of any garbage until 2:00 p.m. on the day before the

next pickup. Martinez also said that, in the past, he had repeatedly found that garbage from Mystic had been placed on the sidewalk in front of the church. When this happened, he stated, a church employee complained to Mystic.

Reverend Gerth stated that he learned from the church porters that over the years, Mystic has, from time to time, placed its garbage in front of the church's property. Also, workers from Times Square Alliance, and residents from across the street, occasionally placed their garbage in front of the church. He did not know if any of the foregoing happened on the date of plaintiff's accident. He did assert, however, that the church had not placed its own garbage in front of the church that morning, because on the date of plaintiff's accident they were anticipating a scheduled visit by the church's presiding Bishop, and wanted to ensure the premises' best appearance.

The church argued that Mystic was more likely to be the source of a leaking garbage bag, since the church "predominantly" produced paper garbage while Mystic produced food residue, which can leak, and since Mystic had some history of placing its garbage on church property for pickup.

Finally, both plaintiffs and the church asserted a need for discovery; the church had not deposed plaintiff concerning the exact accident location, what the garbage looked like, and other facts within her exclusive knowledge. Plaintiffs asserted that discovery was needed with regard to defendants' procedures and process for garbage removal.

The motion court denied both defendants' motions.

Initially, summary judgment should have been granted dismissing the claims against defendant Trel Restaurant Inc., since it is undisputed that Trel had no interest in any premises near the accident location. However, summary judgment was properly denied as to Mystic.

Mario Martinez's affidavit, which was admissible since it did not contravene CPLR 2102 (b), is sufficient to preclude a determination as a matter of law at this juncture eliminating any possibility that Mystic caused or created the leaking garbage condition that was alleged to have caused plaintiff's fall. His assertion that he had, at times, found that garbage from Mystic had been placed on the sidewalk in front of the church, may not by itself be enough to establish that Mystic created the dangerous condition, but it certainly forms a good faith basis for further inquiry into Mystic's past conduct and procedures regarding the disposal of its garbage, and for further inquiry by the church to determine whether plaintiff might shed any further light over the exact nature of the condition she encountered.

Reverend Gerth's affidavit, while it is hearsay to the extent he repeats what the porters told him, is admissible insofar as it reports his own firsthand experience in which church porters spoke to him about Mystic employees leaving garbage on the church's sidewalk in the past. In any event, "hearsay evidence may be considered when submitted in opposition to a summary judgment motion, so long as it is not the only proof submitted" (*Bishop v Maurer*, 106 AD3d 622, 622 [1st Dept 2013]).

The affidavit by Mystic's manager as to its use of a commercial garbage removal service, and the confirmatory letter from that company, while they weigh in Mystic's favor, do not preclude the possibility that a restaurant employee might have placed the restaurant's garbage on the nearby sidewalk where a municipal sanitation truck would remove it, as Martinez stated had occurred in the past. The opposing parties should have the opportunity to obtain discovery that might shed additional light on the issue.

The evidence that Times Square Alliance bags were sometimes left on the church sidewalk, or that garbage was sometimes placed there by others, merely creates a question as to whether some other nonparty may have been responsible for the claimed condition; it does not exonerate Mystic as a matter of law at this juncture. ▉