Matter of Penick (2020 NY Slip Op 00917)





Matter of Penick


2020 NY Slip Op 00917


Decided on February 6, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2020

Acosta, P.J., Richter, Kapnick, Mazzarelli, Moulton, JJ.


10971 4509B/16

[*1] In re Patricia H. Penick, Deceased, etc.
Earl G. Thompson, Petitioner-Appellant,
v
Gerald Anderson, et al., Respondents-Respondents.


Earl G. Thompson, appellant pro se.
Palmeri & Gaven, New York (Daniel F. Gaven of counsel), for respondents.



Order, Surrogate's Court, New York County (Rita Mella, S.), entered October 12, 2018, which denied petitioner husband's motion for summary judgment dismissing objections to probate of a will purportedly executed by his spouse, unanimously affirmed, without costs.
The court properly denied petitioner's motion for summary judgment, since the record presents disputed issues of fact as to whether the instrument submitted by petitioner was duly executed by the decedent in conformance with the statutory requirements (see EPTL 3-2.1 ; Matter of Falk, 47 AD3d 21, 26 [1st Dept 2007], lv denied 10 NY3d 702 [2008]; see Matter of Halpern, 76 AD3d 429, 431-432 [1st Dept 2010], affd 16 NY3d 777 [2011]). Petitioner submitted affidavits and testimony of individuals who claimed to have witnessed the decedent sign the one-page instrument, dated November 23, 2016, but their accounts were inconsistent in significant ways as to when and where they signed it. Moreover, assuming the burden shifted, in opposition, the objectants submitted admissible evidence raising issues of fact as to whether the decedent would have been able to read her will aloud twice given her advanced amyotrophic lateral sclerosis (ALS) and whether the execution of the will actually took place in her hospice room on November 23, 2016, five days before decedent's death. Their evidence included affidavits of the decedent's sister and brother-in-law, as well as the hospice's resident services director, who averred that the decedent suffered from aphasia as the result of her advanced ALS disease and would not have been able to read her will aloud twice.
The court did not improperly rely on unauthenticated medical records submitted by the objectors, but noted that they buttressed other admissible evidence concerning decedent's condition at the time (see Bishop v Maurer, 106 AD3d 622 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 6, 2020
CLERK