Harman Agency, Inc. v Wilhelmina Licensing LLC (2022 NY Slip Op 06998)

Harman Agency, Inc. v Wilhelmina Licensing LLC

2022 NY Slip Op 06998

Decided on December 08, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 08, 2022

Before: Kern, J.P., Gesmer, Kennedy, Scarpulla, Rodriguez, JJ. 

Index No. 655399/18 Appeal No. 16840 Case No. 2021-01109 

[*1]The Harman Agency, Inc., et al., Plaintiffs-Appellants,
v
Wilhelmina Licensing LLC, et al., Defendants-Respondents, Eric Stern, Defendant.

Hantman & Associates, New York (Robert J. Hantman of counsel), for appellants.
Lebensfeld Sharon & Schwartz P.C., New York (Brett R. Schwartz of counsel), for respondents.

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered on or about October 19, 2020, as amended October 20, 2020, which granted the motion of defendants Wilhelmina Licensing, LLC, Wilhelmina International, Inc., and William Wackermann (collectively, defendants) for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Contrary to plaintiffs' contention that the motion was premature, a motion for summary judgment may be brought any time "after issue has been joined" (CPLR 3212[a]), even before discovery has been taken. Plaintiffs failed to demonstrate that discovery might lead to relevant evidence or that any facts essential to justify opposition to the motion were exclusively within the knowledge and control of defendants (see Merisel, Inc. v Weinstock, 117 AD3d 459, 460 [1st Dept 2014]; Santana v Danco Inc., 115 AD3d 560 [1st Dept 2014]).
The motion court was within its discretion to disregard both parties' statements of material facts, which were unsworn and did not comply with its part rule.
We have considered plaintiffs' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 8, 2022