| |
|---|
| **Buhl v Kesner** |
| 2024 NY Slip Op 33074(U) |
| September 3, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 152548/2022 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| **PRESENT:** | **HON. MARY V. ROSADO** | **PART** | **33M** |

*Justice*

------------------------------------------------------------------X

TERI BUHL

       Plaintiff,

    - v -

HARVEY J. KESNER,

       Defendant.

------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 152548/2022 |
| **MOTION DATE** | 07/16/2023 |
| **MOTION SEQ. NO.** | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 18, 19, 20, 21, 23, 24, 25, 26, 27, 29, 30, 31, 39, 40, 41, 42, 43, 44, 45

were read on this motion to/for      SUMMARY JUDGMENT(AFTER JOINDER  .

  Upon the foregoing documents, Plaintiff Teri Buhl's ("Plaintiff" or "Buhl") motion for partial summary judgment is granted. Defendant Harvey J. Kesner's ("Defendant" or "Kesner") cross-motion for summary judgment is denied.

## I.  Background

  This is an action seeking fees under Civil Rights Law § 70-a. Buhl is a journalist who has published articles in numerous publications including Forbes, the New York Post, the Atlantic, and Business Insider. Buhl wrote about fraudulent "pump and dump" transactions which implicated Kesner. These articles led Kesner to initiate a defamation lawsuit against Buhl (the "SDNY Action"). Buhl asserted a defense under New York's Anti-SLAPP law and won summary judgment dismissing Kesner's Complaint. The Second Circuit affirmed the District Court's ruling in the SDNY Action (*see Kesner v Dow Jones & Co., Inc.*, 2023 WL 4072929 [2d Cir. 2023]).

  Buhl then initiated this action and moved for summary judgment seeking to recoup her fees and costs in defending Kesner's SLAPP suit pursuant to Civil Rights Law § 70-a. Buhl argues that an award of fees is mandatory pursuant to § 70-(a)(1)(a). Buhl further argues that although the

anti-SLAPP law was amended during the pendency of the SDNY action, Kesner continued his SLAPP lawsuit post-amendment, and thus there is no retroactive application. Kesner cross-moved to dismiss arguing that the anti-SLAPP statute is not retroactive. Kesner further opposed and argued he should be afforded discovery prior to any grant of summary judgment. Finally, Kesner sought a stay pending determination by the Court of Appeals as to whether and how the anti-SLAPP statute applies retroactively.

On May 18, 2023, this Court issued an interim order staying this action pending determination of Kesner's appeal of the district court's ruling in the SDNY action and pending the appeal of the First Department's decision in *Gottwald v Sebert*, 203 AD3d 488 (1st Dept 2022) (*see also* NYSCEF Doc. 29). The stay was vacated by order of this Court on June 18, 2024 (NYSCEF Doc. 37) after the Court of Appeals and Second Circuit issued their respective rulings. This Court provided the parties an opportunity to submit supplemental briefs of the impact of those decisions on the instant motion and cross-motion.

In her supplemental briefing, Buhl argues that the Court of Appeals has ruled that attorneys' fees and costs are to be granted if a SLAPP suit was continued past the effective date of the amended Anti-SLAPP law. Buhl asserts that not only did Kesner continue the SLAPP suit past the effective date of the amended Anti-SLAPP law, but he engaged in a frivolous appeal.

## II. Discussion

Civil Rights Law § 70-a provides that:

"1. A defendant in an action involving public petition and participation…may maintain an action…to recover damages, including costs and attorneys' fees, from any person who commenced or continued such action; provided that:

(a) Costs and attorney's fees shall be recovered upon a demonstration, including an adjudication pursuant to subdivision (g) of rule thirty-two hundred eleven or subdivision (h) of rule thirty-two hundred twelve of the civil practice law and rules,

**152548/2022 BUHL, TERI vs. KESNER, HARVEY J.**
**Motion No. 002**

**Page 2 of 6**

2 of 6

[* 2]

that the action involving public petition and participation was commenced or continued without a substantial basis in fact and law…".

Here, it is undisputed Buhl has demonstrated that she succeeded in her motion seeking summary judgment in the SDNY action premised on Civil Rights Law § 76-a. In the SDNY action, Judge Englemayer found no evidence of actual malice and dismissed Kesner's Complaint asserted against Buhl (*Kesner v Buhl*, 590 F.Supp.3d 680 [SDNY 2022]). Judge Englemayer likewise found that Kesner did not dispute that the speech at issue fell within public interest as defined by Civil Rights Law § 76-a. Judge Englemayer's ruling was affirmed by the Second Circuit. There is no reason for this Court to find this is not prima facie proof of Buhl's entitlement to recovery under Civil Rights Law § 70-a.

While not expressly determined on a CPLR 3211(g) or 3212(h) motion, the determination was made under Federal Rule of Civil Procedure 56, which provides a more onerous standard for movants than the anti-SLAPP provisions of the CPLR. Because Buhl met her burden for dismissing Kesner's SLAPP suit under a more onerous standard, it would be illogical to rule she is not entitled to damages under Civil Rights Law § 70-a. Moreover, Civil Rights Law § 70-a does not use exclusive language but uses the word "including" when listing adjudications which allow for an award of fees.

Finally, while the anti-SLAPP law does not have retroactive application, it is now well established that the enhanced attorneys' fee remedy is available in instances where a SLAPP action was continued after the 2020 amendments to the anti-SLAPP law (*Gottwald v Sebert*, 40 NY3d 240, 258 [2023]; *Reeves v Associated Newspapers, Ltd.*, 2024 NY Slip Op 04286 [1st Dept 2024]). Here, there is no retroactive application as Kesner continued his SLAPP suit well after the 2020 amendments and even engaged in an appeal. Thus, the conditions for an award of attorneys' fees under Civil Rights Law § 70-a have been met.

**152548/2022  BUHL, TERI vs. KESNER, HARVEY J.**
**Motion No.  002**

**Page 3 of 6**

3 of 6

[* 3]

Kesner's argument that he requires discovery and that summary judgment is premature is without merit. Kesner has not identified what discovery is within Buhl's sole possession and is necessary to oppose successfully Buhl's motion (*see, e.g. Merisel Inc. v Weinstock*, 117 AD3d 459 [1st Dept 2014]). Therefore, Buhl's motion for summary judgment is granted and Kesner's cross-motion to dismiss is denied.

Accordingly, it is hereby,

ORDERED that Plaintiff Teri Buhl's motion for partial summary judgment on her cause of action for attorneys' fees and costs under Civil Rights Law § 70-a is granted; and it is further

ORDERED that a Judicial Hearing Officer ("JHO") or Special Referee shall be designated to hear and report to this court on the total amount of fees and costs to be awarded to Plaintiff Teri Buhl pursuant to Civil Rights Law § 70-a; and it is further

ORDERED that the powers of the JHO/Special Referee shall not be limited beyond the limitations set forth in the CPLR and it is further;

ORDERED that this matter is hereby referred to the Special Referee Clerk for placement at the earliest possible date upon the calendar of the Special Referees Part (Part SRP), which, in accordance with the Rules of that Part (which are posted on the website of this court), shall assign this matter at the initial appearance to an available JHO/Special Referee to hear and report as specified above; and it is further

ORDERED that counsel shall immediately consult one another and counsel for plaintiff/petitioner shall, within 15 days from the date of this Order, submit to the Special Referee Clerk by e-mail an Information Sheet (accessible at the "References" link on the court's website) containing all the information called for therein and that, as soon as practical thereafter, the Special

**152548/2022  BUHL, TERI vs. KESNER, HARVEY J.**
**Motion No.  002**

**Page 4 of 6**

4 of 6

Referee Clerk shall advise counsel for the parties of the date fixed for the appearance of the matter upon the calendar of the Special Referees Part; and it is further

ORDERED that the plaintiff(s)/petitioner(s) shall serve a proposed pre-hearing memorandum regarding fees and costs owed within 24 days from the date of this order and the defendant(s)/respondent(s) shall serve objections within 20 days from service of plaintiff(s)/petitioner's(s') papers and the foregoing papers shall be filed with the Special Referee Clerk prior to the original appearance date in Part SRP fixed by the Clerk as set forth above; and it is further

ORDERED that the parties shall appear for the reference hearing, including with all witnesses and evidence they seek to present, and shall be ready to proceed with the hearing, on the date fixed by the Special Referee Clerk for the initial appearance in the Special Referees Part, subject only to any adjournment that may be authorized by the Special Referees Part in accordance with the Rules of that Part; and it is further

ORDERED that, except as otherwise directed by the assigned JHO/Special Referee for good cause shown, the trial of the issue(s) specified above shall proceed from day to day until completion and counsel must arrange their schedules and those of their witnesses accordingly; and it is further

ORDERED that counsel shall file memoranda or other documents directed to the assigned JHO/Special Referee in accordance with the Uniform Rules of the Judicial Hearing Officers and the Special Referees (available at the "References" link on the court's website) by filing same with the New York State Courts Electronic Filing System (see Rule 2 of the Uniform Rules); and it is further

**152548/2022 BUHL, TERI vs. KESNER, HARVEY J.**
**Motion No. 002**

**Page 5 of 6**

[* 5]

ORDERED that any motion to confirm or disaffirm the Report of the JHO/Special Referee shall be made within the time and in the manner specified in CPLR 4403 and Section 202.44 of the Uniform Rules for the Trial Courts; and it is further

ORDERED that, unless otherwise directed by this court in any Order that may be issued together with this Order of Reference to Hear and Report, the issues presented in any motion identified in the first paragraph hereof shall be held in abeyance pending submission of the Report of the JHO/Special Referee and the determination of this court thereon; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 9/3/2024 | | *May V Rosad JSC* |
|----------|--|---------------------|
| **DATE** | | **HON. MARY V. ROSADO, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|------------|---|----------------|---|---|------------------------|---|---|
| | x | GRANTED | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | x | REFERENCE |

**152548/2022   BUHL, TERI vs. KESNER, HARVEY J.**
**Motion No.  002**

Page 6 of 6

6 of 6

[* 6]