| **Ackert v City of New York** |
| 2024 NY Slip Op 34167(U) |
| November 26, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 160410/2020 |
| Judge: J. Machelle Sweeting |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. J. MACHELLE SWEETING**                    PART                    62

*Justice*

-------------------------------------------------------------------------X

KIMBERLY ACKERT, CLAUDETTE BUELOW,

Plaintiffs,

- v -

THE CITY OF NEW YORK, SILVERCUP SCAFFOLDING 1
LLC,PANORAMA INTERNATIONAL CONTRACTING,
INC.,310 EAST 55TH STREET TENANTS CORP., BABAD
MANAGEMENT CO., LLC,OR OLAM THE EAST 55TH
STREET SYNAGOGUE, CONGREGATION BNEI LEVI,
CORE CLUB 55TH STREET LLC,EAST 55TH STREET
JEWISH CENTER, CONGREGATION BNEI LEIVE,

Defendants.

-------------------------------------------------------------------------X

SILVERCUP SCAFFOLDING 1 LLC

Third-Party Plaintiff,

-against-

V. VASS ELECTRIC CORP.,

Third-Party Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 160410/2020 |
| MOTION DATE | 03/08/2024 |
| MOTION SEQ. NO. | 005 |

**DECISION + ORDER ON
MOTION**

Third-Party
Index No.  595158/2022

The following e-filed documents, listed by NYSCEF document number (Motion 005) 83, 84, 85, 86, 87,
88, 89, 90, 91, 92, 93, 94, 95, 96

were read on this motion to/for                              JUDGMENT - SUMMARY                              .

By Decision and Order dated July 28, 2023, (NYSCF Doc. No. 76), this court

granted summary judgment in favor of Or Olam The East 55th Street Synagogue, Congregation

Bnei Levi,East 55th Street Jewish Center, and Congregation Bnei Leive (collectively, the

"Synagogue"), and dismissed all claims and cross-claims as against the Synagogue.

**160410/2020   ACKERT, KIMBERLY vs. CITY OF NEW YORK**
 **Motion No.  005**

**Page 1 of 6**

Now pending before the court is a motion by defendant Panorama International Contracting, Inc. ("Panorama") seeking an order, pursuant to Civil Practice Law and Rules ("CPLR") 3212, granting summary judgment in Panorama's favor and dismissing plaintiffs' complaint and all claims against it, as there are no triable issues of fact.

Standard for Summary Judgment

The function of the court when presented with a motion for summary judgment is one of issue finding, not issue determination (Sillman v. Twentieth Century-Fox Film Corp., 3 N.Y.2d 395 [NY Ct. of Appeals 1957]; Weiner v. Ga-Ro Die Cutting, Inc., 104 A.D.2d331 [Sup. Ct. App. Div. 1st Dept. 1985]).  The proponent of a motion for summary judgment must tender sufficient evidence to show the absence of any material issue of fact and the right to entitlement to judgment as a matter of law (Alvarez v. Prospect Hospital, 68 N.Y.2d 320 [NY Ct. of Appeals 1986]; Winegrad v. New York University Medical Center, 64 N.Y.2d 851 [NY Ct. of Appeals 1985]). Summary judgment is a drastic remedy that deprives a litigant of his or her day in court.  Therefore, the party opposing a motion for summary judgment is entitled to all favorable inferences that can be drawn from the evidence submitted and the papers will be scrutinized carefully in a light most favorable to the non-moving party (Assaf v. Ropog Cab Corp., 153 A.D.2d 520 [Sup. Ct. App. Div. 1st Dept. 1989]).  Summary judgment will only be granted if there are no material, triable issues of fact (Sillman v. Twentieth Century-Fox Film Corp., 3 N.Y.2d 395 [NY Ct. of Appeals 1957]).

The proponent of a summary judgment motion must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact, and failure to make such *prima facie* showing requires a

**160410/2020   ACKERT, KIMBERLY vs. CITY OF NEW YORK**            **Page 2 of 6**
  **Motion No.  005**

denial of the motion, regardless of the sufficiency of the opposing papers. Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action (Alvarez v Prospect Hosp., 68 NY2d 320 [N.Y. Ct. of Appeals 1986]).

Further, pursuant to the New York Court of Appeals, "We have repeatedly held that one opposing a motion for summary judgment must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which he rests his claim or must demonstrate acceptable excuse for his failure to meet the requirement of tender in admissible form; mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" (Zuckerman v City of New York, 49 NY2d 557 [N.Y. Ct. of Appeals 1980]).

### *Prima Facie* Case by Panorama

Panorama argues that summary judgment should be granted in its favor, because plaintiff tripped at a city-owned tree well over which Panorama had no connection or involvement of any kind and Panorama did not install, maintain, repair, or otherwise perform any work on the scaffolding or scaffold lighting at the location of plaintiff's accident. Specifically, Panorama argues that it had entered into a contract with 310 East 55th Street Tenants Corp. C/O Babad Management Corp. ("Babad") for a project located at 310 East 55th Street, New York, NY to perform waterproofing on the exterior of the building, and that was the extent of the work Panorama performed. The scope of work did not include the performance of any work not explicitly delineated in the contract, and the contract did not include any work by Panorama at or near the subject tree well. Panorama also argues that it did not own, install, maintain or otherwise

**160410/2020   ACKERT, KIMBERLY vs. CITY OF NEW YORK**
**Motion No.  005**

**Page 3 of 6**

3 of 6

perform work with respect to the scaffold, which had already been installed by Silvercup Scaffolding 1 LLC ("Silvercup") at the time Panorama began their work, and the scaffolding remained in place after Panorama concluded their work. Panorama argues that it did not provide or maintain overhead lighting, which had already been installed at the time Panorama began its work.

In support of these arguments, Panorama submitted a sworn Affidavit from Khalid Latif, the owner of Panorama, (NYSCEF Doc. No. 90), which states, in part:

> 6. Panorama contracted directly with 310 East 55th and did not contract with any other party with respect to this limited work. Panorama did not perform any work at or in the immediate vicinity of the subject tree well where plaintiff's accident occurred.

> 7. Panorama's work on the project was limited to waterproofing the exterior of the building only. At no time did Panorama maintain or repair the tree well depicted in plaintiff's photograph, nor did Panorama install, maintain, or repair any cobblestone within the tree well. Panorama did not employ anyone to maintain or repair the tree well or any cobblestones with the tree well at any time.

> […]

> 9. Panorama did not own, install, maintain or otherwise perform work with respect to the scaffolding or bridge lighting. Indeed, the scaffolding had already been erected by Silvercup at the time Panorama began performing work at the location. Nor did Panorama provide or maintain overhead lighting, which was also already installed by Silvercup at the time Panorama began work.

Panorama also submitted a copy of the contract that it had entered into with respect to its work at 310 East 55th Street (NYSCEF Doc. No. 91).

It is undisputed that Panorama did not own the tree well, sidewalk or abutting property where plaintiff's alleged accident occurred. Further, Mr. Latif stated in his Affidavit that Panorama did not perform any work at or in the immediate vicinity of the subject tree well where plaintiff's accident occurred, and did not own, install, maintain or otherwise perform work with respect to the scaffolding or bridge lighting. This court finds that Panorama has made a *prima facie* case for summary judgment, and the burden now shifts to the party opposing the motion to

**160410/2020 ACKERT, KIMBERLY vs. CITY OF NEW YORK**
**Motion No. 005**

**Page 4 of 6**

4 of 6

[* 4]

produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action.

## Opposition by Plaintiffs

The only opposition was filed by plaintiffs, who argue only that this motion is premature, in that discovery "has barely commenced, let alone been completed." Plaintiffs argue that there have been no depositions in this case except their testimony at 50-h hearings. Plaintiffs argue that even though the contract does not delineate that Panorama had any responsibility for the scaffold or the lighting, "that does not end the issue of whether this defendant actually performed any work on the scaffolding or scaffold lighting." Plaintiffs argue that depositions of Panorama, Silvercup, and Babad are necessary in order to "be assured that the affidavit of Khalid Latif is accurate." This court finds this argument to be unavailing as the Court of Appeals has held that "mere conclusions, expressions of hope or unsubstantiated allegations or assertions" are insufficient to defeat a *prima facie* case for summary judgment.[1] Here, there is no indication that Mr. Latif's Affidavit is inaccurate, or any indication on this record that Panorama's work had any effect on the tree well, the scaffold or the lighting conditions. *See* Fulton v Allstate Ins. Co., 14 AD3d 380 (1st Dept 2005) ("[the] mere hope that somehow the plaintiffs will uncover evidence that will prove their case, provides no basis for postponing a decision on a summary judgment motion" [internal citations omitted]).

---

[1] Pursuant to the Case Scheduling Order (NYSCEF Doc. No. 97), the deposition of defendant Panaroma was scheduled to be held on October 16, 2024.

**160410/2020   ACKERT, KIMBERLY vs. CITY OF NEW YORK**
**Motion No.  005**

**Page 5 of 6**

5 of 6

Conclusion

Accordingly, it is hereby:

**ORDERED** that the motion filed by Panorama International Contracting, Inc. ("Panorama") (Motion Sequence No. 005) is **GRANTED**, and the case against it is dismissed; and it is further

**ORDERED** that the caption in this case shall be amended to remove Panorama International Contracting, Inc. as a named defendant in this action.

| **11/26/2024** | | | | |
|---|---|---|---|---|
| **DATE** | | | **J. MACHELLE SWEETING, J.S.C.** | |

| **CHECK ONE:** | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**160410/2020   ACKERT, KIMBERLY vs. CITY OF NEW YORK**  
**Motion No.  005**

**Page 6 of 6**

6 of 6