**Ghanem v New York State Indus. for Disabled, Inc.**

2025 NY Slip Op 30144(U)

January 8, 2025

Supreme Court, New York County

Docket Number: Index No. 653612/2022

Judge: Emily Morales-Minerva

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: __HON. EMILY MORALES-MINERVA__   PART   42M

*Justice*

-----------------------------------------------------------------------X

MOHAMED GHANEM,

INDEX NO.   653612/2022

Plaintiff,

MOTION DATE   11/17/2024

- v -

MOTION SEQ. NO.   003

NEW YORK STATE INDUSTRIES FOR DISABLED,
INC.,NEW YORK CITY TRANSIT AUTHORITY ,
DEPARTMENT OF SUBWAYS, MAINTENANCE OF WAY
PROCUREMENT

**DECISION + ORDER ON
MOTION**

Defendant.

-----------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 003) 62, 63, 64, 65, 66
were read on this motion to/for   _____DISCOVERY_____.

HON. EMILY MORALES-MINERVA:

This is an action to recover damages for injuries sustained

by Plaintiff, Mohamed Ghanem (Plaintiff), due to an alleged breach

of contract by defendants NEW YORK STATE INDUSTRIES FOR DISABLED,

INC., NEW YORK CITY TRANSIT AUTHORITY, DEPARTMENT OF SUBWAYS,

MAINTENANCE BY WAY OF PROCUREMENT, ACA INDUSTRIES, INC. D/B/A/

AMERICAN MAINTENANCE, INC., and LN PRO SERVICES, LLC for their

failure to clean and disinfect the subway station at 149th Street

and Grand Concourse in Bronx, New York. Following this Court's

Decision and Order dated July 29, 2024 on motion sequence 002, the

matter of Mohamed Ghanem v New York State Industries for Disabled,

Inc., et al., Index No. 653612/2022, was consolidated with the

matter of Mohamed Ghanem v ACA Industries, Inc. d/b/a American

[* 1]

Maintenance, Inc., et al., Index No. 450089/2022, pursuant to CPLR § 602[1] (see NYSCEF Doc. No. 57, Decision and Order, dated July 25, 2024). As a result of this Court's consolidation order, Mohamed Ghanem v New York State Industries for Disabled, Inc., et al., Index No. 653612/2022, was disposed of (see id.).

Now, plaintiff moves, pursuant to CPLR § 3126,[2] to compel defendant NEW YORK STATE INDUSTRIES FOR THE DISABLED (Industries for the Disabled) to provide responses to plaintiff's September 13, 2024 request for production of documents. Industries for the Disabled does not oppose the instant motion.

Plaintiff requests the instant relief pursuant to Index Number 653612/2022, which was disposed of on July 25, 2024 (see id.). Despite this procedural error, the court considers the relief requested herein.

---

[1] CPLR § 602 provides, "[w]hen actions involving a common question of law or fact are pending before a court, the court, upon motion, may order a joint trial of any or all the matters in issue, may order the actions consolidated, and may make such other orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

[2] CPLR § 3126 provides, "[i]f any party, or a person who at the time a deposition is taken or an examination or inspection is made is an officer, director, member, employee or agent of a party or otherwise under a party's control, refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed pursuant to this article, the court may make such orders with regard to the failure or refusal as are just, among them: (1) an order that the issues to which the information is relevant shall be deemed resolved for purposes of the action in accordance with the claims of the party obtaining the order; or (2) an order prohibiting the disobedient party from supporting or opposing designated claims or defenses, from producing in evidence designated things or items of testimony, or from introducing any evidence of the physical, mental or blood condition sought to be determined, or from using certain witnesses; or (3) an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or any part thereof, or rendering a judgment by default against the disobedient party."

While plaintiff moves to compel Industries for the Disabled to provide responses to plaintiff's September 13, 2024 request for production of documents pursuant to CPLR § 3126, CPLR § 3126 is not a mechanism to compel disclosure (see generally CPLR § 3126). Rather, it addresses the penalties available for a party's refusal to comply with a court order or request for disclosure (see id.). In the instant motion, plaintiff does not seek sanctions or penalties, and it appears that plaintiff misstated the section of the CPLR he intended to rely upon. Though the court can surmise that plaintiff intended to rely upon CPLR § 3124,[3] the onus is on counsel to cite to the appropriate sections of the CPLR in the moving papers.

In any event -- and perhaps most importantly -- plaintiff's good faith affirmation submitted in support of the motion is wholly insufficient. 22 NYCRR § 202.7 (a)[4] requires that all motions relating to disclosure include an affirmation by moving counsel that counsel conferred with opposing counsel and made a good faith effort to resolve the issues raised by the motion (see 22 NYCRR §

---

[3] CPLR § 3124 provides, "[i]f a person fails to respond to or comply with any request, notice, interrogatory, demand, question or order under this article, except a notice to admit, the party seeking disclosure may move to compel compliance or a response.

[4] 22 NYCRR § 202.7 (a) states, "[t]here shall be compliance with the procedures prescribed in the CPLR for the bringing of motions. In addition, except as provided in subdivision (d) of this section, no motion shall be filed with the court unless there have been served and filed with the motion papers (1) a notice of motion, and (2) with respect to a motion relating to disclosure or to a bill of particulars, an affirmation that counsel has conferred with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion."

653612/2022 GHANEM, MOHAMED vs. NEW YORK STATE INDUSTRIES FOR DISABLED, INC. Page 3 of 5
ET AL
Motion No. 003

3 of 5

[* 3]

202.7 [a]). The affirmation of good faith must indicate the time, place, and nature of the consultation and the issues discussed and any resolution, or must indicate good cause why no such conferral with opposing counsel was held (see 22 NYCRR § 202.7 [c]).[5] 22 NYCRR § 202.20-f[6] provides that the consultation referenced in 22 NYCRR § 202.7 (c) "must take place by an in-person or telephonic conference", and an affidavit or affirmation from counsel attesting to the date, time, length of time of the conference, and persons participating therein must be included with the motion (22 NYCRR § 202.20-f[b]).

Here, plaintiff's affirmation simply states:

> "[s]ince I had no response to . . . Plaintiff['s] 9-13-24 Request for production of documents to the subject defendant, I then wrote on 10-28-24 a good faith discovery resolution letter [ ] providing defendant up to and including 11-8-24 to provide, without objections, responses to plaintiff['s] 9-13-24 request for production of documents, November 8, 2024 has come and gone, and still, the subject defendant has not so responded, making this motion necessary"

---

[5] 22 NYCRR § 202.7 (c) states, "[t]he affirmation of the good faith effort to resolve the issues raised by the motion shall indicate the time, place and nature of the consultation and the issues discussed and any resolutions, or shall indicate good cause why no such conferral with counsel for opposing parties was held."

[6] 22 NYCRR § 202.20-f[b] provides, "[a]bsent exigent circumstances, prior to contacting the court regarding a disclosure dispute, counsel must first consult with one another in a good faith effort to resolve all disputes about disclosure. Such consultation must take place by an in-person or telephonic conference. In the event that a discovery dispute cannot be resolved other than through motion practice, each such discovery motion shall be supported by an affidavit or affirmation from counsel attesting to counsel having conducted an in-person or telephonic conference, setting forth the date and time of such conference, persons participating, and the length of time of the conference."

653612/2022   GHANEM, MOHAMED vs. NEW YORK STATE INDUSTRIES FOR DISABLED, INC.   Page 4 of 5
ET AL
Motion No. 003

(NYSCEF Doc. No. 63, "Affirmation of Good Faith"). This falls entirely short of the requirements set forth in both 22 NYCRR § 202.7 and 22 NYCRR § 202.20-f. Therefore, the motion must be denied (Fulton v Allstate Ins. Co., 14 AD3d 380 [1st Dept 2005][finding that motion to compel discovery could not be granted when movant failed to submit requisite good-faith affirmation]).

Accordingly, it is

ORDERED that plaintiff's MOHAMED GHANEM motion (seq. no. 003) is denied in its entirety; and it is further

ORDERED that counsel shall not file any additional papers or motions pursuant to Index No. 653612/2022.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

| 1/8/2025 | | | EMILY MORALES-MINERVA, J.S.C. |
|---|---|---|---|
| DATE | | | |

CHECK ONE: [X] CASE DISPOSED [ ] NON-FINAL DISPOSITION

[ ] GRANTED [X] DENIED [ ] GRANTED IN PART [ ] OTHER

APPLICATION: [ ] SETTLE ORDER [ ] SUBMIT ORDER

CHECK IF APPROPRIATE: [ ] INCLUDES TRANSFER/REASSIGN [ ] FIDUCIARY APPOINTMENT [ ] REFERENCE

653612/2022 GHANEM, MOHAMED vs. NEW YORK STATE INDUSTRIES FOR DISABLED, INC. Page 5 of 5
ET AL
Motion No. 003

5 of 5